IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PATRICK ARNAUD NANA TIENTCHEU,    §
                                   §
        *Petitioner*,              §
                                   §
V.                                 §        CIVIL CASE NO. SA-26-CV-03826-FB
                                   §
TODD BLANCHE, Acting United States §
Attorney General; *et al.*,        §
                                   §
        *Respondents*.             §

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Patrick Arnaud Nana Tientcheu's ("Petitioner") Petition for Writ

of Habeas Corpus ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents") response

(ECF No. 5). The relevant facts are undisputed and the Court grants relief without a hearing. *See*

*Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes

City, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is

unlawful and asks the Court to order Petitioner's release or another bond hearing.

### DISCUSSION

In preparing their response to the Petition, Respondents were ordered to consider a list of prior

court orders issued in the Western District of Texas addressing whether Petitioner's detention violates

due process and note any material factual differences. (Order for Service, ECF No. 2 at page 2).

Respondents filed a full response, but chose not to address whether the legal issues presented in this

case differ in any material fashion from those presented in the identified decisions. The Court therefore

considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents similar legal questions to those previously considered in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

Petitioner entered the United States on March 27, 2023, and upon entry Immigration and Customs Enforcement ("ICE") detained and released Petitioner. Since that time, Petitioner has continually lived and worked in this country. He has a minor United States citizen child, born after Petitioner arrived in the United States. .

On June 26, 2025, Petitioner appeared for a routine check-in and ICE again apprehended Petitioner. On August 4, 2025, an immigration judge ("IJ") held a bond hearing. The IJ found that Petitioner is a danger to society because "DHS records show . . . arrests for public peace (2024) and driving under the influence (2025)," and denied bond. (ECF No. 5 at 2). From this, Respondents argue that Petitioner did receive an individualized bond determination and the Court lacks jurisdiction to

review the IJ's discretionary decision.  The Court in turn considers whether the IJ's dangerousness finding forecloses the Court from granting habeas relief based on due process requirements, and finds it does not.

Title 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review "judgments designated as discretionary under the pertinent language of the statute, but it does not deprive [courts] of all authority to review statutory and constitutional challenges. [Courts] retain jurisdiction to review [a noncitizen's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).  And Judge Jason K. Pulliam recently rejected the argument Respondents make in this case.  In granting habeas relief, Judge Pulliam summarized:

> On the information before this Court, one cannot tell whether the evidence was sufficient for a DWI conviction. And for purposes of resolving this habeas petition, it does not matter.
>
> Petitioner has established a significant presence in the United States that requires due process protection. . . .

*Rodriguez Brizuela v. Noem*, No. 5:26-CV-0279-JKP, 2026 WL 752257, at *6 (W.D. Tex. Mar. 12, 2026); *see also Estrada v. Warden*, No. 5:26-CV-00359, 2026 WL 1270556, at *3 (S.D. Tex. Apr. 2, 2026) (explaining that IJ's finding of dangerousness arising out of DWI arrest did not foreclose court from granting habeas relief based on Fifth Amendment due process violation).  Petitioner's significant presence in the United States also requires due process protection.

As to Petitioner's requested relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.*  "In recent months, courts

across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes,* 818 F.Supp.3d at 885 ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

The Court now joins other Texas Western district courts finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's immediate release, as opposed to a bond hearing. *See Flores v. Blanche*, No. 1:26-CV-1399-RP, 2026 WL 1603561, at *5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*, No. SA-26-CA-03339-XR, 2026 WL 1611973, at *14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v. Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at *7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F.Supp.3d 875, 885 (S.D. Tex. 2026).

## CONCLUSION

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Patrick Arnaud Nana Tientcheu from custody, under reasonable conditions of supervision, to a public place no later than **July 1, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **July 2, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 26th day of June, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE